FORET, Judge.
Defendant, Carl E. Cumella, was charged by bill of information with criminal conspiracy to commit first degree murder, a violation of La.R.S. 14:26. Defendant entered a plea of guilty and was sentenced to serve eighteen years at hard labor. He now seeks review of this sentence arguing that it is excessive under the circumstances of his case.
FACTS
Several months prior to September 22, 1980, one Joan Brown, wife of Bob Brown, approached one Sonny Giordano and requested that he have her husband killed. She informed Giordano that there was considerable insurance on the life of her husband and she would be able to pay him after her husband’s death. Giordano then consulted with defendant to verify the insurance information. Defendant, who, from time to time, had been in the insurance business, had previously seen the insurance policies of Bob Brown and was aware that there was an excess of $200,000 of insurance on his life.
Sonny Giordano then tried to hire defendant to commit the murder. After approximately one week of deliberation, defendant declined to be the gunman but stated that he could get his son, Kevin Cumella, to commit the crime. Kevin Cumella had previously committed other crimes for Giorda-no and defendant, and he agreed to murder Bob Brown. Thereafter, defendant, Gior-dano, and Joan Brown met several times prior to the murder. On the night of September 22, 1980, defendant and Giordano went to a bingo game where they could establish an alibi. Earlier that evening, defendant had placed a phone call to Bob Brown, instructing him to meet him at the San Francisco Lounge in Alexandria at 7:30 P.M., where the defendant would pay back to Brown monies previously borrowed. Following the instructions he received over the phone from defendant, Bob Brown arrived at the San Francisco parking lot and was shot five times by Kevin Cumella with a .25 caliber pistol. The pistol was obtained from a friend of Giordano and had been delivered to him by defendant solely for the purpose of this murder. Meanwhile, defendant left the bingo game and met his son to insure that everything had gone according to plans. It was then that he learned from his son that Bob Brown was not dead and had crawled to the lounge door. Brown, however, died a short time later. Defendant and his son were paid approximately $5,000 for their part in the murder of Bob Brown.
Approximately five years later, Joan Brown came forward with information concerning the crime. Defendant then approached the district attorney’s office with an offer that if he would be allowed to plead guilty to the crime of conspiracy, he would tell them who actually did the shooting. Defendant disclosed that it was his son who had pulled the trigger on Bob Brown at defendant’s request.
ISSUE ON APPEAL
Defendant complains that the trial court erred in imposing an excessive sentence. Defendant pleaded guilty to criminal conspiracy, a violation of La.R.S. 14:26. The criminal conspiracy to which defendant pleaded guilty was conspiracy to commit first degree murder, a violation of La.R.S. 14:30. The crime of first degree murder carries a mandatory sentence of death or life imprisonment. Therefore, under the provisions of La.R.S. 14:26, appellant could have received thirty years at hard labor for the crime of conspiracy to commit first degree murder.
The trial judge carefully reviewed the sentencing guidelines set forth in La.C.C.P. art. 894.1 before sentencing the appellant as the record reflects. The record before us sufficiently illumines the trial court’s sentence and demonstrates that it is nei *1061 ther excessive nor arbitrary. The record shows that defendant: (1) was a principal to first degree murder; (2) induced his 19-year-old son to carry out the murder; (3) lied to authorities for several years to cover up his involvement in the murder and consequently aided himself and three other murderers in avoiding the electric chair and evading justice for years; (4) committed other crimes after the murder; and (5) did not confess the murder until discovery appeared imminent.
The imposition of an 18-year sentence by the trial court was not excessive. Thus, the assignment of error lacks merit.
DECREE
For the foregoing reasons, defendant’s sentence is affirmed.
AFFIRMED.